UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEREMIAH N. KINIKIN,

        Plaintiff,

        v.                                             Case No. 25-C-237

KASHAYLA WILLIAMS,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Jeremiah Kinikin is representing himself in this 42 U.S.C. §1983 action. Kinikin was incarcerated at the Milwaukee Secure Detention Facility at the time of the events alleged in his complaint, but he was on extended supervision at the time he brought this lawsuit. On August 1, 2025, Defendant Kashayla Williams filed a motion for summary judgment on the ground that Kinikin failed to exhaust the administrative remedies. Dkt. No. 12. Because Kinikin was not required to exhaust the administrative remedies before he filed this lawsuit, the Court will deny Defendant's motion.

"Ordinarily, plaintiffs pursuing civil rights claims under 42 U.S.C. §1983 need not exhaust administrative remedies before filing suits in court." *Porter v. Nussle*, 534 U.S. 516, 523 (2002). However, as an exception to this general rule, Congress enacted the Prison Litigation Reform Act (PLRA), "which requires that prisoners exhaust all available remedies concerning prison conditions prior to bringing a suit under federal law." *Witzke v. Female*, 376 F.3d 744, 749 (7th Cir. 2004). That statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

"Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *Id.* at §1997e(h).

In her statement of proposed findings of fact, Defendant states that Kinikin was released on extended supervision on October 29, 2024. Dkt. No. 14 at ¶1. In his complaint, which was filed several months later, on February 18, 2025, Kinikin lists his mailing address as a private residence in West Allis, Wisconsin. Dkt. No. 1. Kinikin was therefore not a "a prisoner confined in any jail, prison, or other correctional facility" at the time he brought his action, and his lawsuit does not come within §1997e(a)'s exhaustion requirement. *See Witzke*, 376 F.3d at 750 (explaining that "[i]n determining whether a plaintiff is a 'prisoner confined in a jail,' we must look to the status of the plaintiff at the time he brings his suit"). In short, because Kinikin was no longer a "prisoner" when he filed this case, there is no exhaustion requirement, and Defendant's motion for summary judgment on exhaustion grounds must be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 12) is **DENIED**, and Kinikin's motion for an extension of time to respond to Defendant's summary judgment motion (Dkt. No. 17) is **DENIED as moot**.

Dated at Green Bay, Wisconsin this 5th day of September, 2025.

William C. Griesbach
United States District Judge